IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-12-265-M |
| | ) | |
| JAMES LEE LOMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is defendant's Motion to Dismiss Indictment, filed April 18, 2013. On April 25, 2013, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

On November 7, 2012, a federal grand jury indicted defendant for charges of conspiracy to defraud through bribery, accepting a bribe, and illegal private financial interest. All three counts allege crimes that occurred between May 2002 and December 2006. Defendant has pleaded not guilty to the Indictment.

II.   Discussion

Defendant moves to dismiss because the government has not alleged the offenses within the appropriate statute of limitations and because the amendments to the Wartime Suspension of Limitations Act ("WSLA"), 18 U.S.C. § 3287, are inapplicable based upon the *Ex Post Facto* Clause. The government contends that the WSLA tolls the statute of limitations in this matter and that the *Ex Post Facto* Clause does not preclude the application of the amendments to WSLA.

Title 18 U.S.C. § 3282(a) provides: "Except as otherwise expressly provided by law, no

person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a).[1]  However, the WSLA provides, in pertinent part:

> When the United States is at war or Congress has enacted a specific authorization for the use of the Armed Forces, . . . the running of any statute of limitations applicable to any offense (1) involving fraud or attempted fraud against the United States or any agency thereof in any manner, whether by conspiracy or not, or (2) committed in connection with the acquisition, care, handling, custody, control or disposition of any real or personal property of the United States, or (3) committed in connection with the negotiation, procurement, award, performance, payment for, interim financing, cancel[l]ation, or other termination or settlement, of any contract, subcontract, or purchase order which is connected with or related to the prosecution of the war or directly connected with or related to the authorized use of the Armed Forces, or with any disposition of termination inventory by any war contractor or Government agency, shall be suspended until 5 years after the termination of hostilities as proclaimed by a Presidential proclamation, with notice to Congress, or by a concurrent resolution of Congress.

18 U.S.C. § 3287.[2]  Furthermore, "application of a statute of limitations extended before the original limitations period has expired does not violate the *Ex Post Facto* Clause." *United States v. Grimes*, 142 F.3d 1342, 1351 (11th Cir. 1998); *see also United States v. BNP Paribas SA*, 884 F. Supp. 2d 589, 608 (S.D. Tex. 2012); *Latimer*, 2012 WL 1023569, at *2.

Having carefully reviewed the parties' submissions and the Indictment in this matter, the

---

[1] Additionally, the statute of limitations for conspiracy does not begin to run until the last overt act in furtherance of the conspiracy. *See United States v. Thompson*, 287 F.3d 1244, 1247 (10th Cir. 2002).

[2] "The 2008 amendments to the Act increased the scope of the tolling provisions by expanding the Act to apply not only when the United States is in a declared war, but also when Congress has authorized the use of force under the War Powers Act." *United States v. Latimer*, No. CR–11–384–R, 2012 WL 1023569, at *2 (W.D. Okla. Mar. 27, 2012).

Court finds that the WSLA is applicable and, therefore, tolls the statute of limitations. Here, the Court finds that, in absence of the WSLA, the statute of limitations would expire in December 2011 as that is five years after the offenses defendant is alleged to have committed. The Court further finds that WSLA is applicable because Congress authorized the use of the Armed Forces in wars against Afghanistan and Iraq during the time of the alleged offenses. Moreover, the Court finds that the 2008 amendments to WSLA do not violate the *Ex Post Facto* clause as the extension of the statute of limitations applied before the original limitations period in this case – specifically, December 2011 – had expired.

Accordingly, the Court finds that this case should not be dismissed based upon statute of limitations.

III.   Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion to Dismiss Indictment [docket no. 34].

**IT IS SO ORDERED this 1st day of May, 2013.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE